**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORLAND RIVERA-AMADOR,

                Petitioner,

v.                                  Case No. 3:25-cv-1460-WWB-SJH

SHERIFF SCOTTY RHODEN, et al.,

                Respondents.

_____

## ORDER

Petitioner Norland Rivera-Amador initiated this action, through counsel, by filing a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief on November 25, 2025. (Doc. 1). At the time the case was filed, Petitioner was housed at the Baker County Detention Center by U.S. Immigration and Customs Enforcement ("**ICE**"). One week after filing this case, Petitioner filed an Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3). That same day, the Court directed Respondents to file a response to the Motion within seven days. (Doc. 6). On the afternoon of December 4, 2025, Petitioner filed a Notice advising that he had been moved to Alexandria Staging Facility in Alexandria, Louisiana, and that ICE intended on removing him to Honduras the following day, December 5, 2025. (Doc. 7).

Considering the exigency created by the timing of the notification, the filing of the Motion, and Rivera-Amador's representation that his deportation is imminent, the Court issued a temporary restraining order staying Rivera-Amador's deportation and taking his

Petition and request for a preliminary injunction under advisement. (Doc. 8). The Court then ordered Respondents to file an expedited response to Petitioner's request. (*Id.*). Respondents filed their Response (Doc. 9) with exhibits (Doc. 9-1). For the following reasons, the request for a preliminary injunction is denied and the Petition is dismissed.

## I. BACKGROUND

Petitioner, a native of Honduras, entered the United States in 2001. (Doc. 1 at 9). On January 26, 2011, an immigration judge in Miami, Florida, issued an order of removal for Petitioner, (Doc. 9-1 at 6–21), and on October 16, 2012, the Board of Immigration Appeals dismissed Petitioner's appeal of his removal order, (*id.* at 23–27). ICE did not immediately detain Petitioner following the issuance of the removal order.

On August 10, 2017, Petitioner filed with the U.S. Citizenship and Immigration Services ("**USCIS**") Form I-918A, Supplement A, Petition for Qualifying Family Member of U-1 Recipient. (Doc. 1 at 10; Doc. 1-3). That same day, Petitioner filed with the USCIS Form I-192, Application for Advance Permission to Enter as Nonimmigrant in conjunction with his U-Visa application. (Doc. 1 at 10; Doc. 1-5). On June 8, 2022, USCIS provided Petitioner with a notice advising him that it found his Form I-918 petition to be bona fide and placing him in deferred action status until new visas become available under the annual statutory cap. (Doc. 1 at 10; Doc. 1-4 at 1–2). USCIS approved Petitioner's application for employment authorization on October 12, 2023, which remains effective until October 11, 2027. (Doc. 1-4 at 3; Doc. 9 at 3).

On November 14, 2025, ICE apprehended Petitioner and continues to detain him under his final order of removal. (Doc. 1 at 11; Doc. 9 at 3, 9). Petitioner now raises two claims asserting that his detention and pending deportation violates his due process

rights.  (Doc.1 at 11-12).  First, Petitioner argues that his detention is unlawful because the 90-day period under 8 U.S.C. § 1231(a)(3) expired in 2013, and his deferred action status prohibits his deportation.  (*Id.*).  Second, Petitioner asserts that he is not a flight risk or a danger to the community, and his liberty interest outweighs Respondents' interest in effectuating his removal, especially since Petitioner is under deferred action status.  (*Id.* at 12–13).  As relief, Petitioner asks that the Court stay his imminent removal; order his release from custody and enjoin Respondents from detaining or deporting him while he is under deferred action status; declare that his detention and deportation violate the Due Process Clause and federal regulations; and award reasonable costs and fees.  (*Id.* at 13–14; Doc. 3 at 5).

## II. ANALYSIS

As to Petitioner's first argument, Petitioner seemingly contends that if he is being detained under 8 U.S.C. § 1231, his detention is unlawful because his 90-day removal period expired in 2013 after his removal order became final.  (Doc. 1 at 12).

Section 1231 provides for a 90-day removal period calculated from the time the removal order becomes final, 8 U.S.C. § 1231(a)(1), during which time detention of the removable alien is mandatory.  8 U.S.C. § 1231(a)(2).  Section 1231 also provides that a removable alien who is not removed during the 90-day removal period may be granted supervised release.  8 U.S.C. § 1231(a)(3).  Also, a removable alien may be detained beyond the 90-day removal period if the alien is found to be a risk to the community or is unlikely to comply with the order of removal.  *See* 8 U.S.C. § 1231(a)(6).  Indeed, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 241(a) of the INA authorizes detention, after entry of an administrative final order of

deportation or removal, for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Zadvydas*, 533 U.S. at 699–700. The Court recognized six months as a presumptively reasonable extended period of detention to allow the government to accomplish an alien's removal after the removal period has commenced. *Id.* at 701.

Here, Petitioner argues that because his removal order became final on October 16, 2012, when the Board of Immigration Appeals dismissed his appeal, he could only be detained under § 1231 until January 2013, which is when his 90-day detention period expired. (Doc. 1 at 12). And since he was not removed within that 90-day "statutory period" his detention is illegal, and he should be "subject to supervision." (*Id.*). In other words, Petitioner contends that his current detention far "exceeds the period reasonably necessary" to accomplish his removal. But the record here shows Petitioner was neither in custody during the 90-day removal period nor was he subject to supervision. Instead, Petitioner acknowledges that ICE first detained him for purposes of removal about a month ago, on November 14, 2025. (*Id.* at 11). And "[b]ecause *Zadvydas* clearly involved *detention* of a petitioner during the presumptively reasonable period, it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011); *Rivera v. Hassell*, No. 4:15-1497, 2016 WL 4257692, at *3 (N.D. Ala. July 12, 2016) (finding the petitioner's removal period began to run when he was taken into ICE custody, not the day his removal order became final), *report & recommendation adopted*, 2016 WL 4257052 (N.D. Ala. Aug. 10, 2016). Thus, Petitioner's claim that his detention is illegal under *Zadvydas* is dismissed as premature.

Next, Petitioner argues that Respondents have violated his due process rights because they are detaining him to execute his removal despite knowing that his deferred action status prohibits his deportation.  (Doc. 1 at 12–13; Doc. 3 at 4).

"Federal courts are 'courts of limited jurisdiction,'" which "possess only that power authorized by Constitution and statute."  *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  One statute that limits federal courts' jurisdiction is 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  By its own text, § 1252(g) encompasses only "three 'discrete actions: actions to commence proceedings, adjudicate cases, or execute removal orders.'"  *Camarena*, 988 F.3d at 1272 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999)).  This statute expressly includes claims raised in § 2241 habeas actions.  8 U.S.C. § 1252(g).  "When 'asking if a claim is barred by § 1252(g), courts must focus on the action being challenged.'"  *Id.* (quoting *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257–58 (11th Cir. 2020)).  "Section 1252(g) bars review over 'any' challenge to the execution of a removal order—and makes no exception for those claiming to challenge the government's 'authority' to execute their removal orders."  *Id.* at 1273 (quoting 8 U.S.C. § 1252(g)).

Here, Petitioner's claim stems from the ICE's "decision or action" to "execute" a removal order.  8 U.S.C. § 1252(g).  He specifically asks that the Court enjoin Respondents from detaining and deporting him under that removal order while he is the

beneficiary of a deferred action status. (Doc. 3 at 5). Consequently, his claim "fall[s] squarely within § 1252(g)'s jurisdictional bar." *Camarena*, 988 F.3d at 1272 (affirming dismissal of habeas petition seeking to prevent removal pending the resolution of the petitioners' applications for provisional unlawful presence waivers). Section 1252(g), therefore, divests the Court of jurisdiction. *See, e.g.*, Miranda-Lopez v. Dean, No. 6:25-cv-1015 (M.D. Fla. June 11, 2025) (finding § 1252(g) prevented the court from considering the petitioner's claim that her pending deportation violates her due process rights because of her deferred action status);[1] *see also E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (affirming district court's dismissal for lack of jurisdiction under § 1252(g) of the petitioner's challenge to the government's decision to execute a removal order while she sought administrative relief); *K.K. v. Garland*, No. 23-CV-6281, 2025 WL 274431, at *1–2 (W.D.N.Y. Jan. 23, 2025) (concluding the court lacked jurisdiction pursuant to § 1252(g) to enjoin the petitioner's removal before the disposition of his T-Visa and U-Visa applications); *Singh v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-CV-00705, 2025 WL 746295, at *9 (W.D. Wash. Feb. 14, 2025) (determining the court lacked jurisdiction under § 1252(g) to grant the request to stay removal pending the disposition of the petitioner's U-Visa application), *report & recommendation adopted*, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025).

In sum, Petitioner's argument is that Respondents can neither detain him under a final removal order, nor deport him under a final removal order while he has deferred action status. But for the Court to agree, it would have to interfere with the execution of

---

[1] The claims at issue in *Miranda-Lopez* are nearly identical to the claim before this Court. The Court also notes that the decision in *Miranda-Lopez* is currently on appeal. *See Miranda-Lopez v. ICE Orl. Field Off. Dir.*, No. 25-12007-GG (11th Cir.).

Petitioner's removal order, which is specifically prohibited under § 1252(g).  Therefore, the Court does not have subject matter jurisdiction to consider this claim, and thus it is dismissed.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice** for the reasons stated herein.

2. The Temporary Restraining Order (Doc. 8) is **DISSOLVED**.

3. The remaining portion of Rivera-Amador's Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. Nos. 3, 7) is **DENIED as moot**.

4. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

5. If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[2]  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on December 19, 2025.

---

[2] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, the Court will deny a certificate of appealability.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:
Counsel of Record